UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 2:15-CV-14191-ROSENBERG/LYNCH

CARRINGTON CAPITAL
MANAGEMENT, LLC,

    Plaintiff,

v.

KEVIN J. CARR,

    Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

This matter is before the Court on Defendant's Motion to Dismiss [DE 24]. The Motion has been fully briefed by the parties. The Court has reviewed the documents in the case file and is fully advised in the premises. For the reasons set forth below, Defendant's Motion is granted and Plaintiff's Amended Complaint is dismissed with prejudice as Plaintiff's claims are time-barred by the two-year Florida statute of limitations applicable to professional malpractice claims.

### I. BACKGROUND

Defendant is a property appraiser. DE 23 ¶ 6. Defendant authored an appraisal dated March 25, 2005. *Id.* ¶ 7. Six years later, September 29, 2011, the real property that was the subject of Defendant's appraisal was sold for a loss in a short sale. *Id.* ¶ 14. At an unspecified time after the short sale, Plaintiff was "assigned all rights regarding the actions of the appraiser." *Id.* ¶ 16. Plaintiff "discovered potential errors in the appraisal during an initial

quality control review conducted on June 6, 2014" and initiated the present suit on May 28, 2015.  *Id.* ¶ 18.

## II.   LEGAL STANDARD

In considering a motion to dismiss, the Court must accept the allegations in a complaint as true and construe them in a light most favorable to the plaintiffs.  *See Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321 (11th Cir. 2012).  At the pleading stage, the Complaint need only contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  All that is required is that there are "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

## III.  ANALYSIS AND DISCUSSION

Plaintiff has brought four counts against Defendant: breach of contract, negligence, gross negligence, and fraud.  Defendant argues that each of these counts is time-barred by the Florida statute of limitations.  Florida law[1] provides that ordinary claims of negligence are subject to a four-year statute of limitations, whereas claims of professional malpractice are subject to a two-year statute of limitations.  Fla. Stat. §§ 95.11(3)(a), (4)(a);  *First Mutual Grp. v. Klein*, No. 2:14-CV-14462 (S.D. Fla. June 19, 2015).  The origination of a professional malpractice claim, in contract or in tort, is irrelevant for statute of limitation purposes:

> [A two-year period applies to a]n action for professional malpractice, other than medical malpractice, **whether founded on contract or tort**; provided that the period of limitations shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence. However, the limitation of actions herein for professional malpractice shall be limited to persons in privity with the professional.

---

[1] The parties agree that Florida law applies to Plaintiff's claims.  *See Reisman v. Gen. Motors Corp.*, 845 F.2d 289, 291 (11th Cir. 1988) ("Except in matters governed by the federal Constitution or by acts of Congress, federal courts in diversity cases must apply the law of the forum state, including its statute of limitations.").

2

(emphasis added). Professional malpractice "is similar to an ordinary negligence claim except that the negligent party must be engaged in a 'profession' as defined under Florida law, and the applicable standard of care is that degree of care used by similar professionals in the community under similar circumstances." *FDIC v. Kardos Appraisal & Consulting Co.*, No. 6:12-CV-75636, 2014 WL 235470, at *8 (M.D. Fla. 2014) (citing *Moransais v. Heathman*, 744 So. 2d 973, 975 (Fla. 1999)). An appraiser "is a professional within the meaning of § 95.11(4)(a)." *FDIC ex rel. Colonial Bank v. Pearl*, No. 8:12-CV-1813, 2013 WL 1405941, at *5 (M.D. Fla. 2013) (quoting Fla. Stat. § 475.611(1)(h)).

In *Sheils v. Jack Eckerd Corp.*, 560 So. 2d 361, 363 (Fla. Dist. Ct. App. 1990), a Florida District Court of Appeal held that the two-year statute of limitations for professional malpractice applied to the plaintiff's strict liability, negligence, and breach of warranty claims. *See also Klein* at 5. In reaching its conclusion, the court noted that "[it] is not disputed in this case that but for the alleged negligence of appellee's pharmacist there would have been no error in the prescribed dosage and appellants would have no cause of action under any theory." *Sheils*, 560 So. 2d at 363. Because the plaintiffs' claims in *Sheils* were based on a professional's negligence, the court found that § 95.11(4)(a) applied to all of the plaintiffs' claims, notwithstanding the fact that the plaintiffs' claims had been brought against a business entity, not the professional. *Id.*; *see also Tambourine Comercio International SA v. Solowsky*, 312 F. App'x 263, 281 (11th Cir. 2009) ("[W]e hold that the district court was correct in treating [plaintiff's] breach of fiduciary duty claim[, which is ordinarily subject to a four-year statute of limitations,] against its former counsel as a professional malpractice claim subject to the two-year statute of limitations.").

3

Here, all of Plaintiff's claims are likewise based on the failure of a professional acting within his professional capacity:

> The Defendant's appraisal was the primary basis for Gulf Stream Business Bank (hereinafter "Lender") to approve and provide funding for a loan on the Real Property in the amount of approximately $240,000.00 on or about May 5, 2005.
>
> The appraisal done by Defendant was in the amount of $370,000.00.
>
> Had the appraisal been for the accurate value of the Real Property, the Lender would not have approved or funded said loan.

DE 23 ¶¶ 8, 9, 13. Like *Sheils*, but for Defendant's alleged professional malpractice, Plaintiff would not have a cause of action under any theory. Notably, all of the foregoing assumes that Plaintiff is in privity with the original lender who ordered the appraisal, because this is what § 95.11(4)(a) requires. But Plaintiff has pled privity:

> By agreement, Plaintiff was assigned all rights regarding the actions of the appraiser, including the right of the Lender or its assigns to bring this action, on June 10, 2011. As such, Plaintiff is responsible for enforcing all actions against the appraiser.
>
> Plaintiff is the owner and holder of the underlying obligation for which the above-described appraisal was issued, and is the successor in interest of both the equitable and legal interest in the underlying obligation and the appraisal upon which this action is based.

DE 23 ¶¶ 16, 17. The Court therefore concludes that for all of the foregoing reasons, the statute of limitations applicable to all of Plaintiff's claims is the two-year statute of limitations contained in § 95.11(4)(a).[2]

Defendant's opposition on this point warrants discussion. Defendant cites to *Lehman Brothers Holdings Inc. v. Phillips*, 569 F. App'x 814, 817 (11th Cir. 2012) for the proposition

---

[2] Even if the Court were to apply Florida's five-year statute of limitations for breach of contract actions to Plaintiff's breach of contract claim, the five-year period would begin to run from the date of breach and would clearly be time-barred in this case. See discussion on delayed discovery and damages resulting from the impaired value of notes secured by real property, *infra*.

4

that a four-year statute of limitations applies to claims for negligent appraisals. *Lehman Brothers* does stand for that proposition. *Lehman Brothers* is unpersuasive, however, for a number of reasons. First, *Lehman Brothers* is an unpublished case that is not controlling on this Court. *See Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007) ("Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants."). Second, the Florida law cited above *is* controlling authority on this Court. *Bravo v. United States*, 577 F.3d 1324, 1326 (11th Cir. 2009). Third, another unpublished Eleventh Circuit case, *Tambourine Comercio International SA v. Solowsky*, appears to conflict with *Lehman Brothers* insofar as in *Tambourine* the Eleventh Circuit affirmed a district court decision that applied Florida's two-year professional malpractice statute of limitations to a cause of action facially limited by Florida's four-year statute of limitations because of the substance of the plaintiffs' underlying allegations; the court in *Lehman Brothers* appears to not have considered the possibility that an appraiser is a professional under Florida law which in turn requires the application of Florida's two-year professional malpractice statute of limitations, provided that the underlying allegations are dependent upon professional malpractice. 312 F. App'x at 281. Fourth, the *Lehman Brothers* decision is inapposite with Florida principles of statutory construction insofar as when more than one statute of limitations applies to a claim, the lesser period of time applies.[3] *See Sheils*, 560 So. 2d at 363. Fifth and finally, the persuasive value of *Lehman Brothers* is called into question because that case misstates Florida law on a key point.[4] More specifically, *Lehman*

---

[3] Similarly, the more specific provision—professional negligence—takes precedence over the more general, catch-all provision—general negligence. *See Sheils*, 560 So. 2d at 363.

[4] To be fair, it would appear that the facts of *Lehman Brothers* did not present a close question with respect to the dates at issue and, as a result, the *Lehman Brothers* court may not have deemed it necessary to probe this area of

5

*Brothers* incorrectly stated that the "discovery rule" (where the limitations period begins to run when a plaintiff knows or should know a cause of action has accrued) applies to a general negligence claim. *See Lehman Brothers*, 569 F. App'x at 817 ("We agree with the district court that Florida's long-standing 'discovery rule' dictates the conclusion that [the] complaint was untimely."). In support of this proposition, the *Lehman Brothers* decision cites to *City of Miami v. Brooks*, 70 So. 2d 306, a 1954 case decided in the Florida Supreme Court, which did hold that the delayed discovery doctrine applies to negligence claims. Since that case was decided in 1954, however, the Florida legislature has amended the statute of limitations, placing greater restrictions on the application of the delayed discovery doctrine, and these amendments have been recognized by the Florida Supreme Court. *See Davis v. Monahan*, 832 So. 2d 708, 709-710 (Fla. 2002) (noting that the Florida legislature has stated that a cause of action accrues when the last element of the cause of action *occurs*, and that an exception (for delayed discovery) is only made for fraud, professional malpractice, products liability, and some intentional torts).

Under current Florida law, the delayed discovery rule does not apply to *general* negligence claims—the delayed discovery rule only applies to *professional* negligence claims that are in turn governed by a two-year statute of limitations:

> Section 95.11(4)(a) creates a two-year limitations period for suits brought for professional malpractice where the parties are in privity. In the absence of this statute, suits grounded in contract would be subject to the limitations period of five years as set forth in section 95.11(2)(b), Florida Statutes (1983). Likewise, suits brought in tort would be governed by the four-year statute of limitations pertaining to general negligence actions. *See id.* § 95.11(3)(a).

---

law.

*Baskerville-Donovan Eng'rs, Inc. v. Pensacola Exec. House Condo. Ass'n, Inc.*, 581 So. 2d 1301, 1302 (Fla. 1991). Thus, in the hypothetical absence of the two-year period imposed by § 95.11(4)(a) (or in the absence of privity), Plaintiff's claims would have accrued at the time the original lender received a negligent appraisal and funded a loan on improperly valued real estate. *See Nale v. Montgomery*, 768 So. 2d 1166, 1167 (Fla. Dist. Ct. App. 2000) (holding professional negligence law is inapplicable to an ordinary negligence claim); *Davis*, 832 So. 2d at 709-10 (delayed discovery does not apply outside of the exceptions delineated by the Florida legislature and certain very special circumstances); *Cisko v. Diocese of Steubenville*, 123 So. 3d 83, 84 (Fla. Dist. Ct. App. 2013) (delayed discovery does not apply to ordinary negligence claims); *Doe v. Sinrod*, 90 So. 3d 852, 854 (Fla. Dist. Ct. App. 2012) (declining to apply the delayed discovery doctrine to a negligence action); *Kellermeyer v. Miller*, 427 So. 2d 343, 346 (Fla. Dist. Ct. App. 1983) ("When . . . the security of [the loan] was impaired[,] there was an immediate diminution in the market value of [plaintiff's] note and mortgage . . . . [this] supplied the damage element essential to the accrual of a cause of action."); *see also Raie v. Chemivova, Inc.*, 336 F.3d 1278, 1280-81 (11th Cir. 2003) (noting that Florida's delayed discovery rule for the statute of limitations is "as narrow as can be").

Based upon the foregoing, the Court applies a two-year statute of limitations to Plaintiff's claims. *See La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) (dismissal based upon statute of limitation is appropriate only if it is apparent from the face of the complaint that the claims are time-barred). Here, even if the Court accepts the date proffered by Plaintiff as the date upon which to apply the Florida statute of limitations,

September 29, 2011,[5] Plaintiff's claims were time-barred on or about September 29, 2013.  *See* DE 23 ¶ 14.  Plaintiff initiated this case on May 28, 2015.

## IV. CONCLUSIONS AND RULING

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss [DE 24] is **GRANTED**, that Plaintiff's Amended Complaint is **DISMISSED WITH PREJUDICE**, that all pending motions are **DENIED AS MOOT**, and that the Clerk of the Court shall **CLOSE THIS CASE**.

**DONE and ORDERED** in Chambers, Fort Pierce, Florida, this 9th day of November, 2015.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record

---

[5] This is the date that the real property at issue was transferred via a short sale, which is the event that similar cases have used to calculate the statute of limitations period for appraisal malpractice claims.  *See Klein* at 5.